IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| MARIANNE SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 210365G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | **ORDER ON CROSS-MOTIONS** |
| Defendant. | ) | **FOR SUMMARY JUDGMENT** |

Plaintiff appeals Defendant's imposition of interest on underpayment of estimated tax for 2019.

## I.  STATEMENT OF FACTS

The facts in this case are not disputed.  Plaintiff is a nonresident of Oregon.  At all relevant times, she neither earned wages subject to Oregon withholding, nor had any business or trade connected with Oregon.  In 2019, Plaintiff sold property in Oregon and realized a gain of $802,378.  In the spring of 2020, her accountant prepared her taxes and informed her that she owed Oregon tax on her income from that sale.  Plaintiff timely filed an Oregon return and paid the tax shown on her return.

Defendant accepted Plaintiff's tax as she reported it, but assessed interest on an alleged underpayment of estimated tax.  In its subsequent conference decision letter, Defendant reduced the interest imposed from $2,676 to $2,506 based on a recalculation.

Plaintiff asks the court to eliminate the assessment of interest, stating:

> "I was not even aware that Oregon Taxes were due until my accountant prepared my annual taxes in the spring of 2020.  I haven't lived in Oregon for over 40 years.  It's impossible to pay estimated tax prior to knowing taxes are due."

Defendant asks the court to uphold its assessment.

## II. ANALYSIS

The issue is whether Plaintiff owes interest on an underpayment of estimated taxes for 2019.

In general, individual persons reasonably expecting income above certain threshholds must "declare an estimated tax" if that estimated tax equals or exceeds $1,000. ORS 316.563;[1] OAR 150-316-0465(1)(a).[2] Anyone required to make that declaration must pay the estimated tax in installments before the return is due. ORS 316.579. With some exceptions, unpaid or underpaid installments ("underpayments") accrue interest after their due dates. ORS 316.587.[3]

Declarations of estimated taxes are not required from nonresident individuals unless they meet specific criteria. ORS 316.569 states:

> "No declaration shall be required of a nonresident individual under ORS 316.557 to 316.589 unless:
>
> "(1) Withholding under this chapter is made applicable to the wages, as defined in ORS 316.162, of the nonresident individual; or
>
> "(2) The nonresident individual has income, other than compensation for personal services subject to deduction and withholding under ORS 316.162, which is effectively connected with the conduct of a trade or business within this state."

Thus, an individual person who does not live in Oregon, has no Oregon withholding, and has no income connected with an Oregon trade or business need not declare estimated tax. *See* ORS 316.569. Because only those required to declare estimated tax are required to pay installments, such a nonresident need not pay estimated tax before the return due date. *See* ORS 316.579.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[2] Oregon Administrative Rules (OAR)

[3] For example, there is an exception to the imposition of interest where an Oregon resident owed no tax the preceding year. ORS 316.587(5)(a).

Here, as a nonresident who did not earn wages subject to Oregon withholding and who did not have an Oregon-connected trade or business, Plaintiff was not required to "declare an estimated tax" for 2019. *See* ORS 316.563(1). Because she was not required to "make a declaration of estimated tax," she was not required to pay estimated tax in installments. *See* ORS 316.579. Because she had no "required installment" to pay and no "due date" on which to pay it, her nonpayment before filing her return was not an underpayment subject to interest accrual. *See* ORS 316.587(2). Plaintiff should not have been assessed interest on an underpayment of estimated tax.

III. CONCLUSION

The undisputed facts show that Plaintiff was not required to declare estimated tax and pay installments because she did not meet the criteria under ORS 316.569. Now, therefore,

IT IS ORDERED that Plaintiff's appeal be granted and that Defendant cancel its assessment of interest on underpayment of estimated tax for 2019.

Dated this _____ day of September 2022.


_____
POUL F. LUNDGREN
MAGISTRATE


***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Poul F. Lundgren and entered on September 8, 2022.***